UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KELLY PRICE, for herself and on
behalf of those similarly situated,

    Plaintiff,

CASE NO:

vs.

STATE INSURANCE U.S.A., LLC,
A Florida Limited Liability Corporation,
and BLAKE CHAPMAN, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KELLY PRICE ("Plaintiff") for herself and on behalf of those similarly situated, through undersigned counsel, files this Complaint against Defendants, STATE INSURANCE U.S.A., LLC ("STATE"), a Florida Limited Liability Corporation, and BLAKE CHAPMAN, ("CHAPMAN") individually, (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

4. At all times material to this action, Defendant STATE was, and continues to be, a Florida limited liability corporation. Further, at all times material to this action, STATE was, and continues to be, engaged in business in Florida, with a principal place of business in Lee County, Florida.

5. At all times material to this action, Defendant CHAPMAN was an individual resident of the State of Florida, who owned and operated Defendant STATE, and who regularly exercised the authority to (a) hire and fire employees of Defendant STATE; (b) discipline the employees of Defendant STATE; and (c) control the finances and operations of Defendant CBHC. Defendant CHAPMAN further had involvement in determining employee schedules.

6. Defendant CHAPMAN was responsible for the day to day operations of Defendant CBHC.

7. As a result of his authority to hire and fire, discipline and control the finances and operations, and his involvement in determining employees' schedules, owner/operator CHAPMAN is an individual employer under the FLSA.

8. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant STATE was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material to this action, Defendants had two (2) or more employees

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including, but not limited to, computers and telephones necessary to sell insurance.

13. Plaintiff is also subject to individual coverage under the FLSA, as she regularly placed calls to carriers outside of Florida, on a daily basis, in furtherance of Defendants' insurance business.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to Defendants' business.

## STATEMENT OF FACTS

15. On or about February 2015, Defendants hired Plaintiff to work as a non-exempt, salaried "agent."

16. Plaintiff understood that her salary was to cover a forty (40) hour workweek.

17. Defendants communicated to Plaintiff that commissions would be paid to cover hours over forty, but Defendants never paid Plaintiff any commissions.

18. In her work for Defendants, Plaintiff's job duties included making calls on employer accounts to cross sell insurance to businesses or homes.

19. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

20. Defendants failed to compensate Plaintiff, and other similarly situated agents, at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

21. The policies, practices, and plans that led to this failure to pay proper overtime included, but were not limited to: a) deducting time for meal periods, even when agents did not

have the opportunity to take a properly excludable meal-break; b) failure to record time and compensate for hours worked after the end of the scheduled workday, even though the employer had actual or constructive knowledge of this work; and c) failure to record time and compensate for events outside of regularly scheduled work hours.

22. Plaintiff, and other similarly situated agents, should be compensated at the rate of one and one-half times their regular rate for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

23. Upon information and belief, the majority of Plaintiffs, and other agents', pay and time records are in the possession of Defendants.

24. Defendants failed to keep accurate records of Plaintiff's and other agents' time, in contravention of the mandates of the FLSA.

25. Defendants have violated Title 29 U.S.C.§207 from at least February 2015 through June 2015, in that:

    a. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more work weeks during their period of employment with Defendants in the three (3) years preceding the date the Complaint was filed;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the applicable overtime wage for each hour over forty worked in a workweek as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

26. Others who may opt-in to this action are similarly situated agents employed by Defendants in the three years preceding this action, who were not properly compensated for overtime hours worked, due to the same policies, practices and plans applicable to Plaintiff, and described in Paragraph 21, above. Upon information and belief, these practices, policies and plans, were equally applicable to all other agents working in Plaintiff's office.

27. Defendants' failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful, as Defendants knew or acted with reckless disregard as to whether their conduct violated the FLSA.

28. Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

29. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff re-alleges paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. From at least February 2015 through June 2015, Plaintiff worked in excess of forty (40) hours in one or more workweeks, for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

33. Other similarly situated agents were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty

(40) hours in a workweek.

34. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times those agents' regular rate of pay for the hours worked in excess of forty (40) hours in one or more workweeks when they knew, or should have known, such was, and is, due.

35. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in one or more workweeks, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for herself and on behalf of others similarly situated, requests conditional certification pursuant to Section 216(b) of the FLSA, of a class of agents who were subject to the unlawful practices described herein; an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court..

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 15th day of February, 2017.

Respectfully submitted,

_____
ANGELI MURTHY, ESQUIRE
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: 954-318-0268
Facsimile: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*